# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| DARIAN JOHNSEY AND HOLLY HILTON, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, | )<br>)<br>)<br>) |
| Plaintiffs, | ) |
| vs. | ) Case No.: 2:18-cv-00643-MHH |
| BAL TK, LLC, D/B/A THE TILTED KILT, | )<br>) |
| Defendant. | ) |

## JOINT NOTICE OF SETTLEMENT AND REQUEST FOR APPROVAL

Plaintiffs Daria Johnsey, Holly Hilton, Courtney Berry, Jadelyn Bray, Alexandria Knight, and Ariel Wagner (collectively "Plaintiffs") and defendant, BAL TK, LLC ("BAL TK"), by and through their respective counsel, hereby jointly advise the Court that they have reached a settlement of the claims asserted in this action and move the Court to approve the parties' settlement agreement and release (the "Settlement Agreement"), attached as Exhibit 1. The parties respectfully submit that the terms of the settlement are fair, reasonable, and resolve a *bona fide* dispute between the parties with respect to liability and damages under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). In support of this motion, the

1

parties show unto the Court as follows:

**A.  PARTIES**

1. Defendant BAL TK operated a Titled Kilt Pub and Eatery restaurant in Birmingham, Alabama that closed in May of 2017.

2. Plaintiffs are all former servers who were at certain times employed by BAL TK.

**B.  PROCEEDINGS**

1. Plaintiffs filed this action against BALTK on April 24, 2018.

2. Plaintiffs' Complaint alleged violations of the FLSA and the Alabama Common Law of Unjust Enrichment.  The claims in this action are based on BAL TK's alleged failure to comply with the tip credit provisions of the FLSA, alleged failure to pay minimum wage and overtime compensation under the FLSA for time spent donning and doffing off of uniforms before and after shifts, and by requiring Plaintiffs to purchases their own uniforms.

3. BAL TK denies that it violated the FLSA in any manner, and asserted numerous defenses to the claims.

4. This is a collective action pursuant to  29 U.S.C. 216(b).  The named plaintiffs, Darian Johnsey, Holly Hilton, and Ariel Wagner, filed their Motion for Conditional Certification, Docs. 20, 21, which was granted on August 23, 2019. Doc. 30.  A Motion to Approve Notice, Doc. 33, was filed and granted, and notice went

out to the class of Servers at the Tilted Kilt during the applicable class period. As a result of the notice, three (3) new plaintiffs opted into the litigation—Jadelyn Bray, Alexandria Knight, Doc. 36, and Courtney Berry. Doc. 37.

**C.  THE ISSUES**

The issues raised by the FLSA collective class claim and defenses were:

1. Whether the Plaintiffs were improperly required to work off the clock while donning an doffing their uniforms.

2. Whether the Plaintiffs actually worked before and after their shifts without being compensated.

3. Whether the Plaintiffs were required to purchase their uniforms or reimbursed for purchasing their uniforms.

4. Whether Plaintiffs were properly notified of the applicability of tip credit.

**D.  RISK / BENFIT ASSESSMENT**

In light of these myriad of issues, the risk of exposure to BAL TK and the amounts of possible awards to each Plaintiff vary drastically.

1. If BAL TK were to prevail through summary judgment or jury trial, no Plaintiff would recover.

2. Under a finding of non-willful violation, no liquidated damages would be awardable.

3. A jury finding in favor of Plaintiffs for the full liability period would impose significant financial cost burden on BAL TK.

**E.  THE SETTLEMENT**

The parties conducted written discovery, and then, in an effort to avoid the risk and expense of continued litigation, and pursuant to settlement negotiations after the size of the collective action was determined, reached a settlement through arms-length negotiations, concluding in March of 2020. The Settlement Agreement between the parties is attached hereto as Exhibit 1.

1. Under the terms of the Settlement Agreement, after approval of the settlement by the Court and all of the plaintiffs execute the Settlement Agreement and any necessary IRS forms, BAL TK will pay to the six (6) Plaintiffs a total of $5,666.71, arrived at by determining the number of shifts each plaintiff worked based upon the payroll records of Defendant. Significantly, this represents (1) **full compensation** for all unpaid work alleged, and no fee will be taken out of this amount, (2) $100.00 for each plaintiff, representing the cost of the uniform it is alleged each plaintiff had to buy, and (3) and an additional $1,000 for each named class representative. Payroll checks will be issued to each Plaintiff in the amounts shown on Exhibit A, less withholdings required by law, provided BAL TK shall have the right to void or stop payment on any check not negotiated within one

hundred and eighty (180) days after delivery to Plaintiff's counsel without further obligation on the part of BAL TK to re-issue payment.

2. Significantly, this is the full amount of damages that could have been awarded to the Plaintiffs under their theories, and the documentary evidence of hours worked.

3. BAL TK will issue a check to Wiggins Childs Pantazis Fisher & Goldfarb, LLC for $19,000.00. Expenses in the case are $1,133.55, leaving an attorneys' fee of $17,866.45. This fee is below Plaintiffs' counsel lodestar in the case.

4. All claims asserted in this action will be dismissed with prejudice, with each party to bear its own fees and costs, except as set forth in the parties' Settlement Agreement.

## F. GOOD FAITH NEGOTIATIONS

1. Counsel for the parties represent to the Court that they are knowledgeable and experienced with respect to the rights, remedies, and defenses available under the FLSA, and regularly prosecute and defend claims asserted under the FLSA.

2. Counsel for the Plaintiffs represents to the Court that each Plaintiff fully understands her rights to compensation under the terms of the FLSA, the basis for the calculation of the sum being paid to her under the terms of the settlement, and

have authorized counsel to seek Court approval of the settlement and the dismissal of this action with prejudice.[1]

3. Counsel for BAL TK represents to the Court that they have fully explained the terms and conditions of the settlement, the rights and remedies being resolved by the settlement, the obligations of BAL TK assumed under the settlement, the effect of Court approval of the settlement, and BAL TK has authorized counsel to seek Court approval of the settlement and the dismissal of this action with prejudice.

4. The parties represent to the Court that the settlement was reached in good faith, arm's length negotiations and is a fair and reasonable resolution of a *bona fide* dispute between them. Lynn Food Stores v. U.S., 679 F.2d 1350 (11th Cir. 1982). Further, the parties represent that they wish the Court to approve their settlement as negotiated and to dismiss this action with prejudice. Each party will bear its own costs and attorneys' fees, except as otherwise set forth in the parties' settlement agreement.

WHEREFORE, the parties jointly request that the Court approve the settlements reached between the parties to this action.

---

[1] By accepting payment under the terms of the settlement, each Plaintiff represents that she is not currently aware of any other FLSA claims he or she may have against BAL TK arising from his or her employment with BAL TK, and that this settlement will fully resolve the FLSA claims set forth in the Complaint for this matter.

Respectfully submitted this the 16th day of April, 2020.

| | |
|---|---|
| /s/ Brian M. Clark | /s/Jeff Starling |
| Brian M. Clark | Jeff Starling |
| Attorney for Plaintiffs | Balch & Bingham, LLP |
| WIGGINS CHILDS PANTAZIS FISHER GOLDFARB LLC | Attorneys for Defendant |
| 301 Nineteenth Street North | 1900 Sixth Ave. N |
| Birmingham, Al 35203 | Suite 1500 |
| Telephone: (205) 314-0500 | Birmingham, AL 35203 |
| bclark@wigginschilds.com | Telephone: (205) 225-3406 |