FILED
2020 Apr-21  PM 12:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **DARIAN JOHNSEY AND HOLLY HILTON, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,** )<br>)<br>)<br>)<br>) | |
| **Plaintiffs,** ) | |
| ) | |
| vs. ) | **Case No.: 2:18-cv-00643-MHH** |
| ) | |
| **BAL TK, LLC, D/B/A THE TILTED KILT,** )<br>)<br>) | |
| **Defendant.** ) | |

## DECLARATION OF BRIAN M. CLARK

My name is Brian M. Clark. I am over the age of nineteen (19) years and a resident of Jefferson County, Alabama, and make this Declaration based upon my personal knowledge of the facts related herein.

1. I am an attorney duly licensed to practice in the State of Alabama, and all Federal Courts in the State of Alabama, in the United States District Court for the Northern District of Alabama. I am also licensed to practice in the United States Court of Civil Appeals for the 11th Circuit, and the United States Supreme Court.

2. I have worked on preparing the case of <u>Darian Johnsey, et al. vs. BAL TK, Inc, d/b/a Tilted Kilt</u>, case number 2:18-cv-00643-MHH, which had proceeded

1

through the Conditional Certification process before settlement negotiations resulted in a proposed settlement of the case.

3. I have expended 64 hours on the case to date.

4. Attached hereto are two affidavits submitted in consumer class action cases that settled in this Judicial District In <u>Parsons v. Brighthouse Networks</u>, CV-09-0267-AKK ( settlement approved in 2015)my hourly rate was approved at $600 per hour, and in Barber Auto Sales, Inc. v. UPA, 5:06-cv-04686 (approved in 2012), my hourly rate was approved at $450 per hour.

5. Counsel for BAL TK, LLC and I negotiated the settlement of the class relief in this case, and the attorney's fees, in good faith, and at arm's length, and agreed to the payment of $1,133.55 in expense in this case, and $17,866.45 in attorney's fees in this case.

6. At either of the hourly rates the Courts approved above, my lodestar fee is far in excess of the amount negotiated in this case.

I hereby state under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

                                                        /s/ Brian M. Clark
                                                        Brian M. Clark

Date: April 21, 20020

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| KAREN ANN ISHEE PARSONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: |
| ) | CV-09-B-0267-AKK |
| BRIGHTHOUSE NETWORKS, LLC, ) | |
| ) | |
| Defendant. ) | |

## DECLARATION OF DENNIS G. PANTAZIS IN SUPPORT OF MOTION FOR FINAL APPROVAL OF SETTLEMENT

I, Dennis G. Pantazis, being duly sworn, deposes and says:

1. My name is Dennis G. Pantazis and I am a member with the firm of Wiggins, Childs, Pantazis, Fisher & Goldfarb, LLC (formerly known as Wiggins, Childs, Quinn & Pantazis, LLC)("WCPFG"). I am submitting this Declaration in support of Plaintiff's Consent Motion for Final Approval of Class Action Settlement, for an Incentive Award, and for an Award of Attorneys' Fees and Expenses rendered in the above-captioned litigation.

2. WCPFG has been involved in this case since its filing in February of 2009.

3. WCPFG was retained by, and represents the named class representative, Karen Ann Ishee Parsons.

4. WCPFG has offices in Birmingham, Alabama; Washington, DC; Nashville, Tennessee; and DeLand, Florida, with our primary practice in complex litigation with emphasis in class actions. Our firm has litigated and/or participated in hundreds of class actions over the last several years throughout the country, and I have served as lead counsel and/or in the

leadership role (as a member of the Management Committee and/or Steering Committee) in many cases. The following cases are some examples:

- *In Re: Blue Cross Blue Shield Antitrust Litigation*
  Civil Action No.: MDL 2406
  United States District Court for the Northern District of Alabama;

- *Isaiah Evans, et al v. United States Pipe & Foundry, et al*;
  Civil Action No.: 1:05-cv-01017-KOB
  United States District Court for the Northern District of Alabama, Eastern Division;

- *Charlie Almon, et al., individually and on behalf of all others similarly situated v. McWane, Inc., et al.*
  Civil Action No.: CV-04-1112
  Circuit Court of Calhoun County, Alabama;

- *In Re: Comcast Corp. Set-Top Cable Television Box Anti-Trust Litigation*
  Civil Action No.: 09-md-2034,
  United States District Court for the Eastern District of Pennsylvania;

- *In re: Cox Enterprises, Inc. Set-Top Cable Television Box Antitrust Litigation*
  Civil Action No.: 09-ML-2048-C,
  United States District Court for the Western District of Oklahoma;

- *In re: Barber Auto Sales, Inc., individually and on behalf of all others similarly situated v. United Parcel Services, Inc.*,
  Civil Action No.: 06-CV-04686
  United States District Court for the Northern District of Alabama;

- *In re: Managed Care Litigation*
  Civil Action No.: MDL 1334
  United States District Court for the Southern District of Florida;

- *Love, et al. v. Blue Cross Blue Shield, et al.*
  Civil Action No.: 1:03-cv-21296
  United States District Court for the Southern District of Florida;

2

- *Lawrence L. Melvin, et al. v. Advanta National Bank, et al.*
  Civil Action No.: CV-98-C-0898-S
  United States District Court for the Northern District of
  Alabama, Southern Division;

- *Lewis, et al. v. Enterprise Leasing Co., et al.*
  Civil Action No.: CV-97-6951
  Circuit Court of Jefferson County, Alabama;

- *Rogers, et al. v. Transamerica Business Credit Corp.*
  Civil Action No.: CV-95-736-RSM
  Circuit Court of Etowah County, Alabama;

- *Rogers, et al. v. Payco, et al.*
  Civil Action No.: CV-95-736-RSM
  Circuit Court of Etowah County, Alabama;

- *Beavers, et al. v. American Cast Iron Pipe Co.*
  Civil Action No.: CV-86-N-1982-S
  United States District Court for the Northern District of
  Alabama, Southern Division;

- *In Re: Pharmacy Benefit Managers AntiTrust Litigation*
  Civil Action No.: 2:06-MD-1782
  United States District Court for the Eastern District of
  Pennsylvania.

5. Myself and Brian M. Clark of our firm were primarily responsible for handling our firm's prosecution of this action. We, and other members of WCPFG, are familiar with the applicable law and standards as they apply to class actions.

6. Our firm shared overall responsibility for the case along with Whatley Kallas, LLP; and Quinn, Connor, Weaver, Davies & Rouco, LLP.

3

7. To date, WCPFG has expended 3,562.12 hours in the prosecution of this action for a lodestar amount of $1,099,360.75. In my opinion, based upon my experience in litigating complex, consumer class actions, this time was necessary to successfully prosecute the matter.

8. The hourly rates shown below are the usual and customary rates charged by attorneys in all of our cases. A breakdown of the lodestar is as follows:

| Name | Position | Rate | Hours | Lodestar |
|---|---|---|---|---|
| Dennis G. Pantazis | Member | $750 | 251.13 | $188,347.50 |
| Brian M. Clark | Member | $600 | 640.40 | $384,240.00 |
| Craig L. Lowell | Member | $600 | 8.60 | $5,160.00 |
| Jennifer W. Smith | Associate | $350 | 863.40 | $302,190.00 |
| Joshua D. Wilson | Associate | $350 | 3.50 | $1,225.00 |
| D.G. Pantazis, Jr. | Associate | $300 | 3.50 | $1,050.00 |
| Melina Goldfarb | Of Counsel | $300 | 21.00 | $6,300.00 |
| Sandra Duca | Of Counsel | $300 | 963.84 | $289,152.00 |
| Kimberley Sanders | Of Counsel | $300 | 371 | $111,300.00 |
| Kimberly G. Gordon | Of Counsel | $300 | 349.20 | $104,760.00 |
| Tammy B. Todd | Paralegal | $150 | 7.20 | $1,185.00 |
| Margarita S. Gordon | Paralegal | $150 | 79.10 | $11,865.00 |
| Haley Ashworth | Paralegal | $150 | .25 | $37.50 |
| | | TOTAL | 3562.12 | $1,406,812.00 |

4

9. WCPFG has paid expenses in the amount of $371,340.27. The expenditure of these monies was necessary and reasonable to litigate this action. Most of this amount was for expert witness fees, deposition expenses, document reproduction, and necessary travel costs. The following is a summary of the expenses incurred by my firm:

| **Expenses** | **Total** |
|---|---:|
| Teleconferences | $162.04 |
| Copies | $2,294.75 |
| Court Reporters | $4,207.93 |
| Experts | $354,137.54 |
| Faxes | $12.00 |
| Federal Express/Express Mail | $33.39 |
| Filing Fees | $350.00 |
| Online Research | $3,135.50 |
| Postage | $59.73 |
| Scans | $180.10 |
| Travel Expenses | $6,673.29 |
| **TOTAL** | **$371,340.27** |

10. In the process of litigating the case, members of our firm took or were responsible for the following depositions: (1) Karen Parsons, (2) William Futch, (3) Stephen Colafrencesco, and (4) Dr. Michelle Burtis, Defendant's Expert Economist. Also, in the process of litigating the case, we reviewed tens of thousands of pages of documents produced by Defendant.

11. A key component of this case was the expert testimony of Hal Singer, an expert economist. Our firm expended numerous hours working with Dr. Singer in the process of putting together his expert reports, preparing him for his deposition testimony, and his testimony at the class certification hearing in this case.

12. As class counsel, our firm extensively briefed numerous legal issues, including the successful opposition to two motions to dismiss, and extensive materials for class certification. Additionally, the class certification hearing in this case was an evidentiary hearing requiring two days, and required extensive preparation.

13. Mediation sessions were conducted twice in this case. The first mediation before mediator Wayne Thorpe, in September of 2012, resulted in progress, but not a settlement. Over the next nineteen (19) months, the parties continued negations, but were unable to settle the case until a second mediation session was conducted before Mr. Thorpe and the Honorable Stanley F. Birch, on May 15, 2014.

14. Following mediation, the parties still had to work through some of the details regarding Brighthouse's system and products before we were able to reduce our agreement in principle to the Settlement Agreement filed with the Court.

15. The settlement achieved through the help of two (2) highly experienced mediators is a good settlement for the whole class. Like any settlement, it represents a compromise of what could have been gained on a positive end and what could have been lost on a negative end. Given the uncertainties and given the benefit developed for the class members, the settlement is fair and reasonable and should be approved. The request for attorneys' fees and expense reimbursement of $3,700,000.00 is also fair and reasonable when considering the amount of work, time expended, and ultimately benefits gained for the class.

16. Based upon the foregoing, the evidence of record, and included in the Affidavits of Joseph R. Whatley, Jr., and Richard P. Rouco, I respectfully request the Court to enter an Order awarding class counsel attorneys' fees and expenses in the amount of $3,700,000.00.

I, Dennis G. Pantazis, declare under penalty of perjury that the foregoing is true and correct.

_____
Dennis G. Pantazis

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| BARBER AUTO SALES, INC., individually and on behalf of all persons similarly situated, </br></br>　　　　Plaintiff,</br></br>v.</br></br>UNITED PARCEL SERVICES, INC.,</br></br>　　　　Defendant. | )</br>)</br>)</br>)</br>)</br>)</br>)  **CIVIL ACTION NO.:**</br>)  **5:06-cv-04686-IPJ**</br>)</br>)</br>)</br>)</br>) |

## DECLARATION OF JOSEPH R. WHATLEY, JR.

1. My name is Joseph R. Whatley, Jr., I am an attorney and partner with the law firm of Whatley, Drake & Kallas, LLC. I have practiced law since 1978, and have been a practicing member of the Alabama State Bar since that date.

2. I file this Declaration in support of the Plaintiff's request for an award of attorneys' fees in the above-referenced case.

3. I am familiar with complex class action practice, having devoted a significant portion of my law practice for at least twenty (20) years.

4. I am familiar with the prevailing hourly rates for this type of work in Birmingham, Alabama performed by attorneys of such skill, experience, and expertise as those who are able to litigate successful class actions.

5. The hourly rates requested in this case are $600.00 per hour for Dennis G. Pantazis for 1017.80 hours expended ($610,680.00); $625.00 per hour for Robert

L. Wiggins, Jr. for 171.20 hours expended ($107,000.00); $450.00 per hour for Brian M. Clark for 915.98 hours expended ($412,191.00); $450.00 per hour for Peter A. Grammas for 2107.106 hours expended ($948,197.70); $575.00 per hour for Nicholas B. Roth for 264.20 hours expended ($151,915.00); $425.00 per hour for Heather Necklaus for 78.90 hours ($33,532.50); $450.00 per hour for James M. Corder for 854.5 hours expended ($384,525.00); and $325.00 per hour for Mitchell K. Shelly for 428.25 hours expended ($192,712.50). I also reviewed the paralegal time submitted by Tammy Todd and Margarita Sosa in this case, which is 50.95 hours at a rate of $125.00 ($6,368.75). The total lodestar amount for all attorneys is 5888.886 hours for an aggregate amount of $2,788,591.20. In my opinion, these hourly rates are reasonable for these attorneys in this type of case.

6. I reviewed the Affidavits Dennis G. Pantazis, Peter A. Grammas, Nicholas B. Roth, James M. Corder, and Mitchell K. Shelly. I have also reviewed the Complaint and the Motion for Class Certification and supporting Memorandum. Such time and work expended is indicative of the work done in this case, based upon my review of the above.

7. The above-referenced affidavits show expenses of $103,052.31, which is reasonable for this type of case litigated over a five (5) year period.

2

8.  In my opinion, a request of $4M in fees and expenses is reasonable under the law of the Eleventh Circuit, as it related to attorneys fees in a class action where a common fund has been created by the attorneys, and should be approved by the Court.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing Declaration is true and correct to the best of my knowledge, information and belief.

Joe R. Whatley, Jr.

3