UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DARIAN JOHNSEY, et al.,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | Case No.:  2:18-cv-00643-MHH |
| } | |
| **BAL TK, L.L.C. ,** } | |
| } | |
| **Defendants.** } | |

## MEMORANDUM OPINION AND ORDER

This opinion concerns a proposed FLSA settlement. In the complaint, the plaintiffs contend that the defendants violated provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. The parties have agreed to settle the plaintiffs' FLSA claims, and they have asked the Court to review the terms of the proposed settlement. (Doc. 41-1). The plaintiffs have filed a supplemental motion providing additional information regarding the negotiated attorneys' fees. (Doc. 43). For the reasons stated below, the Court approves the settlement because it is a fair and reasonable compromise of a bona fide dispute.

I. BACKGROUND

Darian Johnsey and Holly Hilton filed this action against BAL TK LLC on April 24, 2018. (Doc. 1). Ariel Wagner joined the action as a plaintiff a few weeks

later. (Doc. 7). BAL TK LLC operated the Tilted Kilt Pub and Eatery in Birmingham, Alabama. (Doc. 41, p. 2). Each plaintiff worked as a tipped employee at the Tilted Kilt. (Doc. 7, p. 4). Ms. Johnsey worked as a tipped employee from July 2016 through November 2016. (Doc. 7, p. 4). Ms. Hilton worked as a tipped employee from "in or about May of 2016 to October 2016." (Doc. 7, p. 4). Ms. Wagner worked as a tipped employee from "approximately July of 2016 until May of 2017 when the restaurant closed." (Doc. 7, p. 4).

The Court certified an FLSA class comprised of all former tipped employees who worked as waitresses and bartenders at the Tilted Kilt in Birmingham, Alabama at Perimeter Park South from January 2016 to May 2017. (Doc. 30). Jadelyn Bray (Doc. 36-1), Alexandria Knight (Doc. 36-2), and Courtney Berry (Doc. 37), consented to join the suit as plaintiffs.

The plaintiffs allege that BAL TK LLC violated the FLSA, 29 U.S.C. § 206, et seq., by failing to pay them the required minimum wage for each hour worked and by requiring them to share a percentage of their tips to reimburse BAL TK LLC for ordinary business expenses. (Doc. 7, p. 6). Specifically, the plaintiffs assert that BAL TK LLC did not pay them for time spent "don[ning] and doff[ing] their employer-mandated uniforms." (Doc. 7, p. 2). The plaintiffs allege that they had to arrive 30 minutes before their shifts began to put on the uniforms, which consisted of a kilt, knee high socks, a blouse, and a brassier, and "do their hair and makeup to

the satisfaction of the manager on duty." (Doc. 7, pp. 6–7, 8). The plaintiffs add that BAL TK LLC's policy required tipped employees to attend pre-shift meetings before clocking in. (Doc. 7, p. 9). The plaintiffs assert that they were uncompensated for this off-the-clock time. (Doc. 7, pp. 7, 9).

The plaintiffs also allege that BAL TK LLC "deducted in excess of $100.00" from their initial checks to reimburse BAL TK LLC for the cost of their uniforms. (Doc. 7, p. 8). The plaintiffs assert that this deduction drove their pay rate for those pay periods below the minimum wage. (Doc. 7, p. 2).

Finally, the plaintiffs allege that BAL TK LLC took the tip credit and failed to pay tipped employees the $2.13 per hour due as a minimum base wage. (Doc. 7, p. 2). The plaintiffs assert that BAL TK LLC required tipped employees to reimburse the company for any customer who walked out without paying the bill, thereby preventing tipped employees from retaining the total proceeds of their gratuities. (Doc. 7, p. 11).

BAL TK LLC denies that it violated the FLSA. (Doc. 41, p. 2). BAL TK LLC asserts that it has no knowledge of uncompensated work and "never authorized, required, requested, suffered, or permitted" any of the conduct in violation of the FLSA. (Doc. 10, p. 12). BAL TK LLC also raises several affirmative defenses. (Doc. 10, pp. 12–13).

After conducting written discovery, the parties engaged in arms-length settlement negotiations. (Doc. 41, p. 4). In exchange for dismissal of FLSA claims against it with prejudice, BAL TK LLC agreed to settle the plaintiffs' FLSA claims for a sum of $24,666.71. (Doc. 41-1, p. 4). Of that amount, the six plaintiffs will receive a total of $5,666.71. The parties submit that this amount represents the full compensation for all unpaid work alleged, $100 for each plaintiff (representing the cost of the uniform plaintiffs allege they were required to buy), and $1,000 for each named class representative. (Doc. 41, p. 4). The $5,666.71 will be divided among the plaintiffs as follows:

| Darian Johnsey | $1,356.95 |
| Holly Hilton | $1,654.72 |
| Ariel Wagner | $1,684.59 |
| Jadelyn Bray | $760.67 |
| Alexandria Knight | $109.78 |
| Courtney Berry | $100.00 |

(Doc. 41-1, p. 3). The balance of the total settlement, $19,000, shall be paid to plaintiffs' counsel. The $19,000 payment consists of $17,866.45 in attorneys' fees and $1,133.55 in costs. (Doc. 41, p. 4). Plaintiffs' counsel declare that they have spent a total of 83.3 hours on the case, 64 hours by Mr. Clark and 19.3 hours by Mr.

Cartwright. (Doc. 43). Mr. Clark declares that courts have approved an hourly rate in similar consumer class actions of $450 and $600 per hour. (Doc. 43-1, p. 2). Mr. Cartwright declares that his hourly rate for representing employees in FLSA actions is $385 per hour. (Doc. 43-2, p. 2). The hourly rate of the negotiated attorneys' fee in this case would be $214.48 per hour.

On this record, the Court considers the parties' motion to approve the proposed settlement of the plaintiffs' FLSA claims.

## II.     DISCUSSION

"Congress enacted the FLSA in 1938 with the goal of 'protect[ing] all covered workers from substandard wages and oppressive working hours.' Among other requirements, the FLSA obligates employers to compensate employees for hours in excess of 40 per week at a rate of 1½ times the employees' regular wages." *Christopher v. SmithKline Beecham Corp.*, 567 U.S. 142, 147 (2012) (quoting *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981)); *see also* 29 U.S.C. §§ 202, 207(a). Congress designed the FLSA "to ensure that *each* employee covered by the Act would receive '[a] fair day's pay for a fair day's work' and would be protected from 'the evil of 'overwork' as well as 'underpay.'"" *Barrentine*, 450 U.S. at 739 (emphasis in original). In doing so, Congress sought to protect, "the public's independent interest in assuring that employees' wages are fair and thus do not endanger 'the national health and well-being.'" *Stalnaker v. Novar*

*Corp.*, 293 F. Supp. 2d 1260, 1264 (M.D. Ala. 2003) (quoting *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)).

If an employee proves that her employer violated the FLSA, the employer must remit to the employee all unpaid wages or compensation, liquidated damages in an amount equal to the unpaid wages, a reasonable attorney's fee, and costs. 29 U.S.C. § 216(b). "FLSA provisions are mandatory; the 'provisions are not subject to negotiation or bargaining between employer and employee.'" *Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. 2009) (quoting *Lynn's Food Stores, Inc. v. U.S. ex. rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982)); *see also Brooklyn*, 324 U.S. at 707. "Any amount due that is not in dispute must be paid unequivocally; employers may not extract valuable concessions in return for payment that is indisputably owed under the FLSA." *Hogan v. Allstate Beverage Co., Inc.*, 821 F. Supp. 2d 1274, 1282 (M.D. Ala. 2011).

Consequently, parties may settle an FLSA claim for unpaid wages only if there is a bona fide dispute relating to a material issue concerning the claim. To compromise a claim for unpaid wages, the parties must "present to the district court a proposed settlement, [and] the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food*, 679 F.2d at 1352; *see also Hogan*, 821 F. Supp. 2d at 1281–82. "[T]he parties requesting review of an FLSA compromise must provide enough information for the court to examine the bona

fides of the dispute." *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010). The information that the parties provide should enable the Court "to ensure that employees have received all uncontested wages due and that they have received a fair deal regarding any additional amount that remains in controversy." *Hogan*, 821 F. Supp. 2d at 1282. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," then a court may approve a settlement. *Lynn's Food*, 679 F.2d at 1354; *see also Silva*, 307 Fed. Appx. at 351 (emphasizing that a proposed settlement must be fair and reasonable).

Based on the Court's review of the proposed settlement agreement, the Court finds that there is a bona fide dispute in this matter that supports the proposed settlement. The plaintiffs maintain that BAL TK LLC did not compensate them for time spent to don and doff their employer-mandated uniforms, took deductions from the plaintiffs' tipped wages to cover the cost of the uniforms, and did not comply with the tip credit provisions of the FLSA. (Doc. 7, pp. 7–11). BAL TK LLC denies violating the FLSA in any manner and has asserted numerous defenses. (Doc. 10, p. 12). This bona fide dispute supports the parties' proposed settlement.

The method used to calculate the plaintiffs' disputed wages is fair and reasonable under the circumstances of this case. The parties attest that $5,666.71 is the full amount of damages that could have been awarded to the plaintiffs under the

theories presented and based on the evidence of hours worked by the plaintiffs. (Doc. 41, p. 5).

The parties also negotiated, and the defendants do not object to, attorneys' fees and expenses of $19,000.00. (Doc. 41, p. 6). The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva*, 307 Fed. Appx. at 351 (citing *Lynn's Food*, 679 F.2d at 1352); *see also Briggins v. Elwood TRI, Inc.*, 3 F. Supp. 3d 1277, 1290 (N.D. Ala. 2014) (noting that even where payment of attorney's fees does not reduce the compensation negotiated for and payable to an FLSA plaintiff, "the court is required to review for fairness and approve the fee and expenses proposed to be paid by the defendants in the settlement."). Based on the work the plaintiffs' attorneys performed in this case, and after review of the settlement agreement and plaintiffs' counsels' affidavits, the Court finds that the attorney's fee of $17,866.45 is fair and reasonable. It does not appear that the fee award compromises the plaintiffs' recovery. Accordingly, the Court finds that the agreed attorney's fee adequately compensates plaintiffs' counsel and does not taint plaintiffs' recovery.

### III.  CONCLUSION

For the reasons stated above, the Court approves the parties' proposed settlement of the plaintiffs' FLSA claims. The Court concludes that there is a bona fide dispute regarding plaintiffs' FLSA claims, and the terms that the parties have negotiated constitute a fair and reasonable resolution of that dispute. The Court will enter a separate order dismissing the plaintiffs' claims with prejudice and closing the file.[1]

**DONE** and **ORDERED** this April 30, 2020.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that the release provision in the parties' settlement agreement is broad, causing the plaintiffs to release not only their FLSA claims but also all claims for economic damages arising out of their employment with BAL TK LLC. (Doc. 41-1, pp. 2-3). The plaintiffs have not released claims for physical injuries. (Doc. 41-1, p. 3). In an FLSA action, broad release provisions typically are not acceptable. *Hogan*, 821 F. Supp. 2d at 1284. In this case, the Court approves the broad release provision in the parties' settlement agreement because the plaintiffs are resolving not only their FLSA claims but also their claims for unjust enrichment under Alabama law. (Doc. 7, pp. 6–7).